Armine Singh, Esq. (SBN 266694)
**Prime Law Group, APC**
101 N. Brand Blvd. PH1920
Glendale, CA 91203
Direct: 808-276-2464
E-Fax: 808-446-2162

Attorneys for Plaintiffs,
SCOTT PAULHUS & LYNETTE PAULHUS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION**

| | |
|---|---|
| SCOTT PAULHUS, *an individual*; & LYNETTE PAULHUS, *an individual*;<br><br>Plaintiff,<br><br>v.<br><br>FAY SERVICING, LLC; VERICREST INSURANCE SERVICES, LLC d.b.a. VERICREST FINANCIAL; SUMMIT MANAGEMENT COMPANY, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | **CASE NO: 2:14-CV-00736-WBS-AC**<br><br>***Assigned to the Hon. William B. Shubb***<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT FAY SERVICING, LLC'S MOTION TO DISMISS COMPLAINT<br><br>Date: June 2, 2014<br>Time: 2:00 p.m.<br>Ctrm: 5, 14th Floor<br><br>Complaint filed: February 18, 2014 |

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. MOTION TO DISMISS STANDARD .......... 1

III. ARGUMENT .......... 2

A. Plaintiff has Adequately Plead a Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing .......... 2

B. Plaintiffs Have Adequately Plead a Violation of Cal. *Civil Code* sections 2937 .......... 3

C. Plaintiff Has Adequately Pled A Cause Of Action For Unfair Business Practices .......... 4

1. Plaintiffs Have Adequately Plead Standing. .......... 4

2. Plaintiffs Allege Unfair and Fraudulent Conduct .......... 5

D. Plaintiff Has Adequately Plead the Fourth Causes of action For Violation of Cal. Civil Code section 2924.17 and 2924.19. .......... 5

E. Plaintiff Has Adequately Plead the Fourth Causes of action For Violation of Cal. Civil Code section 2924.12. .......... 8

IV. IF THE COURT PERCEIVES ANY MERIT TO THE MOTION TO DISMISS, LEAVE TO AMEND SHOULD BE GRANTED .......... 8

V. CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Cases**

*Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) .......... 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .......... 5, 8

*Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988) .......... 3

*Bosse v. Crowell, Collier and MacMillan* (9th Cir: 1977) 565 F.2d 602 .......... 9

*Breier v. Northern California Bowling Proprietors' Assn.*, 316 F.2d 787, 789 (9th Cir. 1963) .......... 13

*Buckland v. Threshold Enterprises, Ltd.* (2007) 155 Cal.App.4th 798 .......... 11

*Castagnola Fleet Management v. Sea-Pac Insurance Managers, Inc.*, 2010 WL 883842, *2 (S.D.Cal. 2010) .......... 4

*Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) .......... 5

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp*, 2010 WL 2354411 at *1 (E.D.Cal. 2010) .......... 4

*Edelman v. Bank of America Corp.*, No. SACV 09-00309-CJC (MLGx), 2009 WL 1285858, at *2 (C.D. Cal. 2009) .......... 6

*Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) .......... 5

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) .......... 3

*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149 .......... 6

*Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). .......... 4

*Harden v. Field Memorial Community Hosp.*, 516 F.Supp.2d 600, 605 (S.D. Miss. 2007) .......... 3

*Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285 .......... 8, 9

*Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) .......... 3

*In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959) .......... 3

*In re Foreclosure Cases*, 521 F.Supp.2d 650, 653 (S.D. Oh. 2007) .......... 7

*In re Vargas*, 396 B.R. 511, 520 (Bankr. C.D. Cal. 2008) .......... 7

*In re Walker*, Case No. 10-21656-E-11, Minute Order dated 5/20/10

(Bankr. E.D. Cal. 2010) .......... 7

Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092, (9th Cir. 1990) .......... 4

*Johnson v. Riverside Healthcare Sys*., 534 F.3d 1116, 1122 (9th Cir. 2008).......... 5

*Landmark Nat'l Bank v. Kesler*, 216 P.3d 158 (Kan. 2009) .......... 7

*LaSalle Bank v. Lamy*, 824 N.Y.S.2d 769 (N.Y. Sup. Ct. 2006) .......... 7

*Leadsinzer, Inc. v. BMG Music Pub.* (9th Circuit 2008) 512 F.3d 522 .......... 12

*Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).......... 3

*Mayes v. Leipziger*, 729 F.2d 605, 607-609 (9th Cir. 1984) .......... 12

*McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936) .......... 4

*Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) .......... 2

*Nishimoto v. Federman-Bachrach & Assocs*., 903 F.2d 709, 712, n.3 (9th Cir. 1990).......... 3

*Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001) .......... 4

*Retail Clerks Int'l Ass'n v. Schermerhorn,* 373 U.S. 746, 753, n.6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963) .......... 5

*Sanford v. Savings & Loan Soc*. (N.D. Cal 1893) 80 F. 54.......... 8

*Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp*. 549 U.S. 422, 430-31, 127 S.Ct. 1184, 1191 (2007) .......... 2

*Societe de Conditionnement en Aluminum v. Hunter Engineering Company, Inc.* (9th Circuit 1981) 655 F.2d 938 .......... 12

*Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985) .......... 3

*Thermtron Products, Inc. v. Hermansdorfer* 423 U.S. 336, 343 (1976) .......... 4

*Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).......... 2

*Towne Dev. Co. v. Lee* (1965) 63 Cal. 2d 147.......... 8

*Wallins v. Beverly Enterprises* (9th Cir: 1973) 476 F.2d 393 .......... 9

**Statutes**

28 U.S.C. § 1447 ........................................ 4
28 U.S.C. § 1447(c) ........................................ 2
28 U.S.C. § 2201 ........................................ 12
28 U.S.C. § 2202 ........................................ 12
*California Business & Professions Code* § 17200 ........................................ 10
*California Business & Professions Code* § 17204 ........................................ 11
*California Business & Professions Code* § 17200 ........................................ 10
*California Civil Code* § 1511 ........................................ 8
*California Civil Code* § 2924l ........................................ 1
*California Civil Code* § 3387 ........................................ 12
*California Code of Civil Procedure* § 761.020 ........................................ 7

**Other Authorities**

14C Wright et al., FEDERAL PRACTICE AND PROCEDURE, § 3739 (2010) .................. 3

**Rules**

FRCP 8(a)(2) ........................................ 5
FRCP 15(a) ........................................ 13
FRCP 57 ........................................ 12
FRCP 9(b) ........................................ 9

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Plaintiff SCOTT PAULHUS & LYNETTE PAULHUS ("Plaintiff") hereby files its Memorandum In Support of Opposition to Defendant FAY SERVICING, LLC'S (hereinafter "Defendant" or "FAY SERVICING") Motion to Dismiss Plaintiff's Complaint.

## I. INTRODUCTION

In this case, Defendants sent erroneous mortgage statements to Plaintiff, and forced Plaintiff into default. Furthermore, in furtherance of the non-judicial foreclosure sale, Defendants recorded or caused to be recorded fraudulent documents which falsely represented Defendants' compliance under California's non-judicial statutory requirements for non-judicial foreclosures

## II. MOTION TO DISMISS STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001)." *Duhn Oil Tool, Inc. v. Cooper Cameron Corp*, 2010 WL 2354411 at *1 (E.D.Cal. 2010). On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Duhn, supra*. The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753, n.6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963); *Duhn, supra*.

Under the *Federal Rules of Civil Procedure*, Plaintiffs are required only to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant's] fair notice of what... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). The complaint need state only enough facts to state a claim for relief that

is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept all factual allegations of the complaint as true and draw all reasonable inferences "in the light most favorable to [the Plaintiffs]," when considering Defendants' motions to dismiss. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1122 (9th Cir. 2008).

## III. ARGUMENT

### A. Plaintiff has Adequately Plead a Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing

"Every contract implies good faith and fair dealing between the parties to it. The covenant of good faith and fair dealing requires that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to its fruits of the contract." *T.W. Nickerson, Inc. v. Fleet Nat'l Bank*, 456 Mass. 562, 569–70, 924 N.E.2d 696 (2010) (quoting *Anthony's Pier Four, Inc. v. HBC Assocs.*, 411 Mass. 451, 471, 583 N.E.2d 806 (1991)). Furthermore, resolution of the contours of the breach of contract is best left to a later stage of the proceeding. *See Durmic*, 2010 WL 4825632, at *5.

Here, Defendant argues that the cause of action fails as to FAY SERVICING because FAY SERVICING was not a party to any contract. This is not true. When FAY SERVICING became the servicer of Plaintiff's loan, FAY SERVICING entered into an agreement to properly collect and process loan payments and loan information on behalf of the owner of the note. Plaintiff alleged that Plaintiff submitted their payment to FAY SERVICING, yet FAY SERVICING rejected the payment. (Complaint ¶ 32). Plaintiff also alleged that it was due to FAY SERVICING'S mishandling of Plaintiff's loan that Plaintiff fell into default. (Complaint ¶ 33). Due to Defendants' failure to accurately account for Plaintiff's loan terms, Plaintiff was asked to make payments that were erroneous according to her DOT and Note. Due to such false payment requests and billing statements, Plaintiff was forced into default.

Additionally, Defendant claims that the cause of action fails because Plaintiff has not alleged a special relationship between the parties. Here, a "bank-depositer" relationship is not alleged. Instead, because Defendants were removed from being simply bank-depositers when Defendants forced Plaintiff into foreclosure and became foreclosing entities. Instead, Plaintiff has alleged a contractual relationship with the Defendants, one based upon their assumption of the servicing rights of the loan. They were contractually obligated to properly handing the processing of Plaintiff's loan payments. Thus, a special relationship does exist.

As result, Plaintiff has adequately plead a cause of action for breach of implied covenant of good faith and fair dealing, and Defendant's motion should be overruled in its entirety.

### B. Plaintiffs Have Adequately Plead a Violation of Cal. *Civil Code* sections 2937

California *Civil Code* section 2937 provides that, borrowers have the right to know when a person holding a promissory note, bond, or other instrument transfers servicing of the indebtedness secured by a mortgage or deed of trust on real property containing one to four residential units. The Legislature found that "notification to the borrower…of the transfer may protect the borrower or subsequent obligor from fraudulent business practices and may ensure timely payments." Specifically, pursuant to California *Civil Code* section 2937 subsection (a) states,

> "It is the intent of the Legislature in enacting this section to mandate that a borrower or subsequent obligor be given written notice when a person transfers the servicing of the indebtedness on notes, bonds, or other instruments secured by a mortgage or deed of trust on real property containing one to four residential units and located in this state."

Plaintiff has properly plead that none of the Defendants have provided the borrower, Plaintiff, written notice of the transfer or servicing of the indebtedness on the note secured by the Deed of Trust by mail or certified mail. (FAC ¶ 51). Indeed, California *Civil Code* § 2937 subdivision (b) states the following:

> "Any person transferring the servicing of indebtedness as provided in subdivision (a) to a different servicing agent and any person assuming from another responsibility for servicing the instrument evidencing indebtedness, shall give written notice to the borrower or subsequent obligor **<u>before</u>** the borrower or subsequent obligor becomes obligated to make payments to a new servicing agent." (Emphasis added).

Plaintiff has adequately alleged that as a result of Defendants' failure to abide by the requirements of *Civil Code* § 2937, Plaintiffs was subject to unfair and unlawful business practices as alleged herein, and thereby was not protected from fraudulent business practices as intended by the Legislature. (Complaint ¶ 39).

Thus, Plaintiff has properly alleged a Violation of Cal. *Civil Code* section 2937, and Defendants' demurrer should be overruled.

### C. <u>Plaintiff Has Adequately Pled A Cause Of Action For Unfair Business Practices</u>

#### 1. Plaintiffs Have Adequately Plead Standing.

Defendants argue that Plaintiff's cause of action fails because supposedly Plaintiff has not suffered substantial loss. To support this blanket assertion, Defendant misstates Plaintiff's allegation as referring to a potential loss of the Property and other alternatives to foreclosure. However, Plaintiff's losses have been incurred to date. Plaintiff has suffered and will continue to suffer substantial irreparable harm, including the fact that Plaintiff accrued additional back dues and interest to date, which Plaintiffs would not have accrued had Defendants properly accounted for Plaintiff's loan and billing. (Complaint ¶ 50). Plaintiff

has further been damaged by incurring the cost and expense of the instant pending litigation, continuing emotional distress, and other actual and consequential damages that will be proven on date of trial.

As a result, Plaintiff has plead adequate standing.

**2. Plaintiffs Allege Unfair and Fraudulent Conduct**

The Unfair Competition Law under California Business and Professions Code section 17200, et seq. defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. Indeed, a violation of another law is a predicate for stating a cause of action for the UCL unlawful prong. *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1544 (1999). Specifically, to meet the burden under the "fraudulent" prong, a Plaintiff need only allege that the public is likely to be deceived. *Klein v. Earth Elements*, 59 Cal. App. 4th 956, 970 (1997).

Defendants sole argument here is that because Plaintiffs have not alleged any underlying violations throughout the complaint, Plaintiffs' cause of action for unfair business practices also fails. However, because Plaintiffs have properly plead the remaining causes of action, Plaintiffs have also properly plead a cause of action for unfair business practices.

Thus, Defendant's argument is meritless, and the Demurrer should be overruled.

**D. <u>Plaintiff Has Adequately Plead the Fourth Causes of action For Violation of Cal. Civil Code section 2924.17 and 2924.19.</u>**

Defendants demurrer to the HBOR causes of action, namely the fourth cause of action in the Complaint, based upon the argument that the HBOR cannot be applied retroactively as the loan was originated before Jan. 1, 2013.

However, as the Defendants recognize in their demurrer, Defendants' actions and omissions of actions *after* January 1, 2013 **are** subject to the Civil Code requirements. Defendants continued use of a false declaration that has not

been verified as a basis for moving forward on non-judicial foreclosure proceedings which the Defendants are attempting to do in 2013 are subject to the statutory guidelines that must be applied to non-judicial foreclosure proceedings held after January 1, 2013. Thus, although Defendants are not liable for violations of the Cal. *Civil Code* section 2924.55, 2923. 6, and 2923.7 in 2012, Defendants are liable for those violations in 2013 when Defendants intend to base the non-judicial foreclosure proceedings on documents that do not conform to the requirements under Cal. *Civil Code* section 2923.6 and Cal. *Civil Code* section 2923.55. Thus, the question of retroactive effect is not at issue, as Plaintiff complains for violations that are being committed after Jan. 1, 2013.

Statutes are disfavored as retroactive when their application "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf, supra,* at 280, 114 S.Ct. 1483. Here, the application of Cal. *Civil Code* sections do not increase the liability for the past conduct, yet imposes a liability on continuing to use a unlawful document on future conduct. Thus, the application does not impose duties with actions already committed, yet imposes duties on actions or omissions of actions lenders take moving forward. Here, the issue of BOFA's continued use of a false declaration as well as failure to provide proof of their right to foreclose is actions BOFA is liable for beginning Jan. 1, 2013. *Society for the Propagation of the Gospel v. Wheeler*, 22 F.Cas. 756, 767 (No. 13,156) (CCNH 1814).

The Supreme Court of the United States held in the *Fernandez–Vargas* decision that Fernandez-Vargas cannot take advantage of the statutory non-retroactive effect by augmenting his 15 years of unlawful presence by remaining in the country simply because he was in the country prior to the enactment of a new law. *Fernandez- Varga v. Gonzalez*, 126 S.Ct. 2422, 2434 (2006).The Supreme Court held that he is subject to the new law in the sense that he failed to take timely action that would have avoided application of the new law altogether, or to end the

continuing violation thereafter. Similarly, the Defendnats claim a right to continue illegal conduct indefinitely under the terms on which they began. The Supreme Court quoted, "But "[i]f every time a man relied on existing law in arranging his affairs, he were made secure against any change in legal rules, the whole body of our law would be ossified forever." L. Fuller, The Morality of Law 60 (1964) (quoted in *Landgraf*, 511 U.S., at 270, n. 24, 114 S.Ct. 1483). *Fernandez- Varga v. Gonzalez*, 126 S.Ct. 2422, 2434 (2006).

The plain language of the statutes states that Cal. *Civil Code* sections 2923.6 and 2923.7 apply to all homes that have not been legally foreclosed upon prior to January 1, 2013. On July 11, 2012, SB900 was signed into law by Governor Brown with an effective date of January 1, 2013. The Legislative intent is stated in their declaration and finds of the bill, which states:

> "(b) It is essential to the economic health of this state to mitigate the negative effects…that are the result of ***continued foreclosures by modifying the foreclosure process*** to ensure that borrowers who may qualify for foreclosure alternative are considered for, and have a meaningful opportunity to obtain, available loss mitigation options. (Emphasis added)."

Clearly, the intent of the Legislature was to prevent the injury of foreclosure by modifying the procedures proceeding foreclosure. *Civil Code* section 2924.12 and 2924.19 state in relevant part, "**If a trustee's deed upon sale has not been recorded**, a borrower may bring an action for injunctive relief to enjoin a material provision of 2923.5, 2923.55, 2924.10, 2924.11, 2923.17, or 2923.18." (Emphasis added). The plain language of the statue indicates no ambiguity, but rather a straight forward rule: If the trustee's deed upon sale has not been recorded, the borrower may bring an action for injunctive relief for a violation of the statutes. Had the Legislature intended to have this rule apply only in cases where a Notice of Default or Notice of Trustee's Sale had not already been filed, it would have so

stated. As the Legislature did not exempt those foreclosure proceedings where a Notice of Default was filed prior to 2013, the Court should apply the statutory scheme prospectively to those homes that are pending foreclosure sale.

Thus, because Plaintiff complains of Defendants' actions and omissions of actions which are violations that have occurred since Jan. 1, 2013, Plaintiff does not invoke a retroactive effect. Yet, in the event the court deems otherwise, the Supreme Court's precedent clearly upholds that the shield of retroactivity shall not be used to continue illegal conduct indefinitely.

Thus, Defendant's argument is meritless, and the Demurrer should be overruled.

### E. Plaintiff Has Adequately Plead the Fourth Causes of action For Violation of Cal. Civil Code section 2924.12.

Here, Defendants argue that because this cause of action is based upon Plaintiff's remaining causes of action which are invalid, this cause of action is also invalid. To refute, Plaintiff incorporates herein by reference Section D above. Since Plaintiff's causes of action were valid, Defendants demurrer should be overruled in its entirety.

## IV. IF THE COURT PERCEIVES ANY MERIT TO THE MOTION TO DISMISS, LEAVE TO AMEND SHOULD BE GRANTED

Finally, if the court perceives any defect in the Plaintiff's Complaint, it should grant the Plaintiff leave to amend. The Ninth Circuit in *Mayes v. Leipziger*, 729 F.2d 605, 607-609 (9th Cir. 1984), determined that a party must be given at least one opportunity to amend the complaint after a motion to dismiss is granted. The Ninth Circuit based its holding in part on *Federal Rule of Civil Procedure* 15(a) which provides that "a party may amend his pleadings once as a matter of course at any time before a responsive pleading is filed..." *Id*. at 607. A

motion to dismiss is not considered a "responsive pleading." *Breier v. Northern California Bowling Proprietors' Assn.*, 316 F.2d 787, 789 (9th Cir. 1963). Granting a motion to dismiss does not terminate the right to amend. *Ibid.* It is therefore clear error to grant a motion to dismiss without leave to amend. *Mayes v. Leipziger*, 729 F.2d at 607-608.

## V. CONCLUSION

Before considering the Defendants' Motion to Dismiss, the Court should first determine Plaintiff's Motion to Remand, which properly challenges this Court's subject matter jurisdiction. If that motion is granted, the Court need not and should not decide Defendants' Motion to Dismiss.

If the court denies Plaintiff's Motion for Remand and considers Defendants' Motion to Dismiss, it should deny that motion as Plaintiff has sufficiently alleged it respective causes of action against Defendants, and each of them, at this stage of litigation. However, if the Court perceives any defect in Plaintiff's Complaint, it should grant the Plaintiff leave to amend in compliance with *Mayes*.

Dated: May 1, 2014

**PRIME LAW GROUP, APC**

By: /s/ Armine Singh
ARMINE SINGH, ESQ.
Attorney for Plaintiffs
SCOTT PAULHUS &
LYNETTE PAULHUS

Armine Singh, Esq. (SBN 266694)
**Prime Law Group, APC**
101 N. Brand Blvd. PH1920
Glendale, CA 91203
Direct: 808-276-2464
E-Fax: 808-446-2162

Attorneys for Plaintiffs,
SCOTT PAULHUS & LYNETTE PAULHUS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION**

SCOTT PAULHUS, *an individual*; & LYNETTE PAULHUS, *an individual*;

Plaintiff,

v.

FAY SERVICING, LLC; VERICREST INSURANCE SERVICES, LLC d.b.a. VERICREST FINANCIAL; SUMMIT MANAGEMENT COMPANY, LLC; and DOES 1 through 20, inclusive,

Defendants.

**CASE NO: 2:14-CV-00736-WBS-AC**

***Assigned to the Hon. William B. Shubb***

**CERTIFICATE OF SERVICE**

Date: June 2, 2014
Time: 2:00 p.m.
Ctrm: 5, 14th Floor

I, the undersigned, declare that I am over the age of 18 and I am not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 101 N. Brand Blvd. Suite 1920, Glendale California 91203.

On the date below, I served a copy of each of the below-listed documents on all interested parties in said case, as follows:

1. Plaintiffs' Opposition to Defendants Caliber Home Loans, Inc., & Summit Management Company, LLC's Motion to Dismiss Complaint;
2. Plaintiffs' Opposition to Defendant Fay Servicing, LLC's Motion to Dismiss Complaint.

SERVICE LIST

| | |
|---|---|
| David O'Shea, Esq.<br>DOshea#@perkinscoie.com<br>PERKINS COIE LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111<br>Tel: (415) 344-7000<br>Fax: (415) 344-7050 | Attorneys for:<br><br>CALIBER HOME LOANS, INC. (formerly known as Vericrest Financial, Inc., erroneously sued as Vericrest Insurance Services, LLC d.b.a. Vericrest Financial), and SUMMIT MANAGEMENT COMPANY, LLC |
| Regina J. McClendon, Esq.<br>Locke Lord LLP<br>44 Montgomery Street, Suite 4100<br>San Francisco, CA 94104<br>Tel: (415) 318-8804<br>Fax: (415) 707-2186 | Attorneys for:<br><br>Fay Servicing, LLC |

[ ] BY MAIL - I deposited such envelope in the mail at Glendale, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for

mailing in affidavit.

[ ] BY PERSONAL SERVICE - I caused such envelope to be delivered by a process server employed by (Name of process server).

[ ] VIA FACSIMILE - I faxed said document, to the offices(s) of the addressee(s) shown above, and the transmission was reported as complete and without error.

[ X ] BY ELECTRONIC TRANSMISSION - I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

[ ] BY OVERNIGHT DELIVERY - I deposited such envelope for collection and delivery by (Type Name of Overnight Delivery Service) with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by (Type name of Overnight Delivery service). They are deposited with a facility regularly maintained by (Type Name of Overnight Delivery service) for receipt on the same day in the ordinary course of business.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated: May 1, 2014

**PRIME LAW GROUP, APC**

By: ___/s/ Rosie Jambazian________
Rosie Jambazian