1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11                         ----oo0oo----

12   SCOTT PAULHUS and LYNETTE        CIV. NO. 2:14-736 WBS AC
     PAULHUS,
13                                    MEMORANDUM AND ORDER RE: MOTION
                  Plaintiffs,         TO REMAND
14
          v.
15
     FAY SERVICING, LLC; CALIBER
16   HOME LOANS, INC., formerly
     known as VERICREST FINANCIAL,
17   INC.; SUMMIT MANAGEMENT
     COMPANY, LLC; and DOES 1
18   through 20, inclusive,

19                Defendants.

20

21                         ----oo0oo----

22          Plaintiffs Scott Paulhus and Lynette Paulhus brought

23   this action against defendants Fay Servicing, LLC, Caliber Home

24   Loans, Inc., formerly known as Vericrest Financial, Inc., and

25   Summit Management Company, LLC, arising out of the foreclosure of

26   plaintiffs' home.  After plaintiffs filed this action in Placer

27   County Superior Court, defendants removed to federal court on the

28   basis of diversity jurisdiction.  (Docket No. 1.)  Plaintiffs

                                   1

1    contend that removal was improper and move to remand the action

2    to Placer County Superior Court pursuant to 28 U.S.C. § 1447.[1]

3           Federal courts have original jurisdiction over civil

4    actions between citizens of different states in which the amount

5    in controversy exceeds $75,000, exclusive of interest and costs.

6    28 U.S.C. § 1332.  Under 28 U.S.C. § 1441, "civil action[s]

7    brought in a State court of which the district courts of the

8    United States have original jurisdiction may be removed by the

9    defendant or defendants to federal district court."  Abrego

10   Abrego v. Dow Chem. Co., 443 F.3d 676, 679-80 (9th Cir. 2006)

11   (alteration in original) (citations and internal quotation marks

12   omitted).  "In addition, all defendants must agree to removal and

13   removal must occur within one year of the commencement of the

14   action."  Id. (citing United Computer Sys., Inc. v. AT&T Corp.,

15   298 F.3d 756, 762 (9th Cir. 2002)).

16          Plaintiffs do not dispute that they are citizens of

17   California and are therefore diverse from defendants, who are

18   business entities incorporated under Delaware law and whose

19   principal places of business are outside of California.  (See

20   Not. of Removal ¶ 4.)  Defendants' Notice of Removal also

21   represents that each defendant consents to removal, (id. ¶ 6),

22   and thereby satisfies the unanimity requirement.  See Proctor v.

23   Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009)

24   ("One defendant's timely removal notice containing an averment of

25   the other defendants' consent and signed by an attorney of record

26

27          [1]   Because oral argument will not be of material
     assistance, the court orders this matter submitted on the briefs.
28   E.D. Cal. L.R. 230(g).

                                   2

1   is sufficient.").

2           Plaintiffs contend that removal was nonetheless

3   improper because the amount in controversy does not exceed

4   $75,000.  "In actions seeking declaratory or injunctive relief,

5   it is well established that the amount in controversy is measured

6   by the object of the litigation."  Cohn v. Petsmart, Inc., 281

7   F.3d 837, 840 (9th Cir. 2002) (quoting Hunt v. Wash. State Apple

8   Advertising Comm'n, 432 U.S. 333, 347 (1977)).  In actions

9   arising out of the foreclosure of a plaintiff's home, the amount

10  in controversy may be established by the value of the property,

11  see, e.g., Chapman v. Deutsche Bank Nat'l Trust Co., 651 F.3d

12  1039, 1045 n.2 (9th Cir. 2011) ("[T]he object in litigation is

13  the Property, which was assessed at a value of more than

14  $200,000, and therefore satisfies the amount-in-controversy

15  requirement."), or by the value of the loan, see, e.g., Ngoc

16  Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1028

17  (N.D. Cal. 2010) ("Numerous courts have held that, where a

18  complaint seeks to invalidate a loan secured by a deed of trust,

19  the amount in controversy is the loan amount.").

20          Here, the Deed of Trust indicates that plaintiffs

21  borrowed $850,000 against their home, which far exceeds the

22  $75,000 required for diversity jurisdiction.  (See Compl. Ex. A

23  (Docket No. 1-1).)  Plaintiffs do not offer any evidence

24  suggesting that the amount in controversy is below $75,000.

25  Instead, plaintiffs insist, without citation, that "[i]f an in-

26  state plaintiff wishes to remain in state court, all it needs to

27  do is to refrain from alleging any particular sum in its prayer

28  for relief."  (Pls.' Mem. at 4:18-19 (Docket No. 9).)  Not so.

3

Even if a plaintiff declines to allege a particular amount in controversy, removal is appropriate where a defendant can show by a preponderance of the evidence, as defendants have done here, that the amount in controversy exceeds $75,000.  See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).  And even if plaintiffs might have been able to defeat jurisdiction from the outset by stating that they would seek to recover no more than $75,000, it is black-letter law that plaintiffs cannot do so now that jurisdiction has attached.  See St. Paul Mercury Ins. Co v. Red Cab Co., 303 U.S. 283, 292 (1938) (holding that when "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction").  For the foregoing reasons, the court views plaintiffs' motion to remand as frivolous.

IT IS THEREFORE ORDERED that plaintiffs' motion to remand be, and the same hereby is, DENIED.

Dated:  May 1, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4