1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11                         ----oo0oo----

12   SCOTT PAULHUS and LYNETTE          CIV. NO. 2:14-736 WBS AC
     PAULHUS,
13                                      MEMORANDUM AND ORDER RE: MOTION
                Plaintiffs,             TO DISMISS
14
          v.
15
     FAY SERVICING, LLC; CALIBER
16   HOME LOANS, INC., formerly
     known as VERICREST FINANCIAL,
17   INC.; SUMMIT MANAGEMENT
     COMPANY, LLC; and DOES 1
18   through 20, inclusive,

19              Defendants.

20

21                         ----oo0oo----

22          Plaintiffs Scott Paulhus and Lynette Paulhus brought

23   this action against defendants Fay Servicing, LLC ("Fay"),

24   Caliber Home Loans, Inc., formerly known as Vericrest Financial,

25   Inc. ("Vericrest"), and Summit Management Company, LLC

26   ("Summit"), arising out of the foreclosure of plaintiffs' home.

27   Defendants now move to dismiss the Complaint pursuant to Federal

28   Rule of Civil Procedure 12(b)(6) for failure to state a claim

                                    1

1  upon which relief can be granted.

2  I.   Factual & Procedural History

3      In 2004, plaintiffs entered into a mortgage loan for

4  $850,000, which was secured by a Deed of Trust to their home in

5  Granite Bay, California.  (Compl. ¶ 17 (Docket No. 1-1).)  A

6  Substitution of Trustee recorded in December 2011 indicates that

7  Summit is the current trustee under the Deed of Trust.

8  (Vericrest Req. for Judicial Notice[1] ("Vericrest RJN") Ex. C.)

9  Plaintiff alleges that Fay is the current mortgage servicer and

10 that it assumed servicing rights to the loan from Vericrest in

11 2013.  (Compl. ¶ 18.)

12     On December 14, 2011, Summit recorded a Notice of

13 Default reflecting that plaintiffs were $16,384.82 in arrears on

14 their loan.  (Vericrest RJN Ex. D.)  Summit subsequently

15 rescinded the Notice of Default on February 17, 2012.  (Vericrest

16 RJN Ex. E.)  Although plaintiffs allege throughout the Complaint

17

---

18     [1]   Although a court generally may not consider items
outside the pleadings when deciding a motion to dismiss, it may
19 consider items of which it can take judicial notice, Barron v.
Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), including matters of
20 public record, MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504
(9th Cir. 1986).
21
       Both Vericrest and Fay request that the court
22 judicially notice several recorded documents pertaining to
plaintiff's property.  (Docket Nos. 21, 24.)  Those items include
23 the Deed of Trust, (Vericrest RJN Ex. A (Docket No. 24-1)), the
Assignment of Deed of Trust, (id. Ex. B. (Docket No. 24-2)), the
24 Substitution of Trustee, (id. Ex. C (Docket No. 24-3)), a Notice
of Default, (id. Ex. D (Docket No. 24-4)), a Rescission of Notice
25 of Default, (id. Ex. E. (Docket No. 24-5)), and an Assignment of
Mortgage/Deed of Trust, (id. Ex. F (Docket No. 24-6)).  The court
26 will take judicial notice of these documents, since they are
matters of public record whose accuracy cannot be questioned.
27 See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668,
689 (9th Cir. 2001).
28

2

1  that they were "forced into default," (Compl. ¶ 23), they do not

2  allege that they received this or any other Notice of Default.

3        On March 16, 2012, plaintiffs allegedly received a

4  monthly statement from Vericrest for $5,993.27 instead of their

5  usual payment of $3,973.16 per month.  (Id. ¶ 19.)  Plaintiffs

6  subsequently contacted Vericrest to inform them that the amount

7  stated was "unjustified and erroneous."  (Id.)  The next month,

8  plaintiffs received a billing statement for $4,020.01, and

9  concluded that Vericrest had amended the statement to reflect the

10 amount that was actually due.  (Id. ¶ 20.)  Plaintiffs allege

11 that they paid that amount each month for over a year and that

12 Vericrest continued to accept their payments.  (Id.)

13       On September 1, 2013, Fay sent plaintiffs a billing

14 statement for $5,513.13.  (Id. ¶ 21.)  Plaintiffs allege that

15 they contacted Fay to correct the bill, and that Fay informed

16 them that they did not have their complete loan file because of

17 the "servicer change."  (Id.)  Plaintiffs also allege that they

18 spoke to a Fay employee on December 3, 2013, who represented that

19 plaintiffs would not be considered in default if they submitted

20 proof of income and two payments for $3973.16.  (Id.)  When

21 Plaintiffs submitted those payments, Fay allegedly rejected them

22 and stated that they were insufficient to satisfy the full amount

23 owed.  (Id. ¶ 22.)  As a result, plaintiffs allege, they were

24 "forced into default."  (Id. ¶ 23.)

25       Plaintiffs brought this action in Placer County

26 Superior Court on February 18, 2014, alleging five claims: (1)

27 breach of the covenant of good faith and fair dealing; (2)

28 violations of section 2937 of the California Civil Code; (3)

3

1   unfair business practices in violation of California's Unfair
2   Competition Law ("UCL"), Cal. Bus. & Profs. Code §§ 17200 <u>et</u>
3   <u>seq.</u>; (4) violations of California Civil Code section 2924.17;
4   and (5) injunctive relief pursuant to California Civil Code
5   section 2924.12.  (Docket No. 1.)  Defendants removed to this
6   court on the basis of diversity jurisdiction, 28 U.S.C. § 1332,
7   and now move to dismiss plaintiffs' Complaint pursuant to Rule
8   12(b)(6) for failure to state a claim upon which relief can be
9   granted.  (Docket Nos. 20, 23.)

10  II.  <u>Discussion</u>

11       On a motion to dismiss, the court must accept the
12  allegations in the complaint as true and draw all reasonable
13  inferences in favor of the plaintiff.  <u>Scheuer v. Rhodes</u>, 416
14  U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v.</u>
15  <u>Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322
16  (1972).  To survive a motion to dismiss, a plaintiff needs to
17  plead "only enough facts to state a claim to relief that is
18  plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S.
19  544, 570 (2007).  This "plausibility standard," however, "asks
20  for more than a sheer possibility that a defendant has acted
21  unlawfully," and where a complaint pleads facts that are "merely
22  consistent with" a defendant's liability, it "stops short of the
23  line between possibility and plausibility."  <u>Ashcroft v. Iqbal</u>,
24  556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 556–57).

25       A.   <u>Breach of Covenant of Good Faith and Fair Dealing</u>

26       California, like the majority of states, recognizes an
27  implied covenant of good faith and fair dealing.  <u>Foley v.</u>
28  <u>Interactive Data Corp.</u>, 47 Cal. 3d 654, 683 (1988) (citing

1    Restatement of Contracts (2d) § 205).  It is not clear whether

2    plaintiffs' claim for breach of the implied covenant of good

3    faith and fair dealing sounds in contract or tort.  Cf. Spencer

4    v. DHI Mortg. Co., 642 F.2d 1153, 1165 (E.D. Cal. 2009) (O'Neill,

5    J.) (recognizing "uncertainty whether the claim proceeds under

6    contract or tort law.").

7            To the extent that a claim for breach of the implied

8    covenant of good faith and fair dealing sounds in contract, it

9    applies only to promises "arising out of the contract itself."

10   Foley, 47 Cal. 3d at 690; accord Racine & Laramie, Ltd. v. Dep't

11   of Parks & Recreation, 11 Cal. App. 4th 1026, 1031 (4th Dist.

12   1992) ("The implied covenant of good faith and fair dealing rests

13   upon the existence of some specific contractual obligation.").  A

14   corollary to this rule is that a claim for breach of the implied

15   covenant of good faith and fair dealing requires a plaintiff to

16   identify a contract to which both he and the defendant were

17   parties.  See Champlaie v. BAC Home Loan Servicing, LP, 706 F.

18   Supp. 2d 1029, 1063 (E.D. Cal. 2009) (Karlton, J.).

19           Although plaintiffs' claim for breach of the implied

20   covenant of good faith and fair dealing is premised on the

21   allegation that Vericrest and Fay mishandled their mortgage

22   payments, plaintiffs do not identify any contract to which either

23   Vericrest or Fay is a party.  Even if the court could infer the

24   existence of such a contract, plaintiffs do not allege that they

25   were a party to that contract[2] or identify a specific contractual

26           _____

27           [2]    Nor have plaintiffs alleged any facts that would permit
     the court to infer the existence of a contract of which they were
     intended third-party beneficiaries.  See Klamath Water Users
28   Protective Ass'n v. Patterson, 204 F.3d 1206, 1210 (9th Cir.

                                5

1  provision that could serve as a basis for their claim.  See

2  Racine & Laramie, 11 Cal. App. 4th at 1031.  As a result,

3  plaintiffs have not stated a contract claim for breach of the

4  implied covenant of good faith and fair dealing.  See Champlaie,

5  705 F. Supp. 2d at 1063-64 (dismissing claim for breach of

6  implied covenant of good faith and fair dealing where plaintiff

7  failed to allege the existence of a contract with the defendant

8  loan servicer or foreclosure trustee).

9         California has also recognized a tort claim for breach

10  of the implied covenant of good faith and fair dealing.  Foley,

11  47 Cal. 3d at 682.  A tort claim for breach of the implied

12  covenant of good faith and fair dealing does not arise in the

13  context of an arms-length transaction between contracting

14  parties.  See, e.g., Pension Trust Fund For Operating Eng'rs. v.

15  Fed. Ins. Co., 307 F.3d 944, 955 (9th Cir. 2002); Mitsui Mfrs.

16  Bank v. Superior Court, 212 Cal. App. 3d 726, 730 (4th Dist.

17  1989).  Rather, it arises only in "limited circumstances"

18  involving a "special relationship" between those parties.

19  Bionghi v. Metro. Water Dist. of S. Cal., 70 Cal. App. 4th 1358,

20  1370 (2d Dist. 1999); accord Spencer, 642 F. Supp. 2d at 1165.

21         Plaintiffs contend that such a "special relationship

22  does exist" because Fay and its predecessor, Vericrest, entered

23  into a contract with the lender or its successor-in-interest to

24  service plaintiffs' loan.  (Pls.' Opp'n at 3:5-9 (Docket No. 25.)

25  Although plaintiffs refer to such a contract in their Opposition,

26

27  1999) ("Before a third party can recover under a contract, it
   must show that the contract was made for its direct benefit--that
28  it was an intended beneficiary of the contract.").

1  they do not allege its existence in the Complaint.  Even if they

2  had, a lending relationship of the sort plaintiffs allude to is

3  not the type of "special relationship" required to state a tort

4  claim for breach of the implied covenant of good faith and fair

5  dealing.  See Spencer, 642 F. Supp. 2d at 1165 (quoting Pension

6  Trust Fund, 307 F.3d at 955).

7      Accordingly, because plaintiffs have not stated a claim

8  for breach of the implied covenant of good faith and fair dealing

9  under either a contract or tort theory, the court must grant

10  defendants' motion to dismiss this claim.

11      B.   California Civil Code Section 2937

12      Section 2937 of the California Civil Code requires a

13  loan servicer to provide written notice before transferring

14  servicing responsibilities to a new mortgage servicer.  Cal. Civ.

15  Code § 2937(b).  The statute also provides that a loan servicer

16  may not hold a borrower liable for payments made to a previous

17  servicer or late charges arising out of such payments if those

18  payments were made prior to the borrower's receipt of the notice

19  required by section 2937(b).  Cal. Civ. Code § 2937(g).  In order

20  to state a claim for a violation of section 2397, a plaintiff

21  must allege that the harm he suffered resulted from that

22  statutory violation.  See Amaral v. Wachovia Mortg. Corp., Civ.

23  No. 1:09-937 OWW GSA, 2011 WL 1205250, at *3 (E.D. Cal. Mar. 29,

24  2011) (citing Faria v. San Jacinto Unified Sch. Dist., 50 Cal.

25  App. 4th 1939, 1947 (4th Dist. 1996)).

26      Plaintiffs allege that Vericrest failed to notify him

27  that it was transferring servicing responsibilities to Fay and

28  that, "[a]s a result of [d]efendants' failure to abide by the

requirements of Civil Code § 2937," they were "subject to unfair and unlawful business practices . . . ." (Compl. ¶¶ 38-39.)  But even if plaintiffs have sufficiently alleged that Vericrest and Fay failed to comply with section 2937, they have not alleged any facts to support their allegation that they suffered harm as a result.  Plaintiffs allege only that Fay requested an excessive monthly payment because it miscalculated the escrow amount due, that it rejected plaintiffs' purportedly inadequate payments, and that plaintiffs "fell into default" because Vericrest and Fay "mishandl[ed]" their loan and "fail[ed] to accurately account for [plaintiffs'] loan terms." (<u>Id.</u> ¶ 23, 33.)  By their own terms, these allegations establish that plaintiffs' default resulted from Fay's miscalculation of the amount due on the loan, not from Vericrest's failure to inform plaintiffs that it was transferring servicing responsibilities to Fay.

Plaintiffs also allege that after they contacted Fay about their September 2013 billing statement, they were "shuffled from one person to another" for several months because Fay did not have plaintiffs' complete loan file. (<u>Id.</u> ¶¶ 21, 31.)  To the extent that plaintiffs allege any harm as a result, their allegations establish that the harm occurred "due to the servicer change," (<u>id.</u> ¶¶ 21, 31), not due to Vericrest's failure to notify them of the servicer change.  Accordingly, because plaintiffs have not alleged any causal connection between the harm they alleged and defendants' purported violations of section 2937, the court must grant defendants' motion to dismiss this claim.

///

1              C.   California Civil Code Section 2924

2              Section 2924.17 of the California Civil Code requires

3   that any notice of default filed and recorded by a mortgage

4   servicer must be accurate, complete, and supported by competent

5   and reliable evidence.  Cal. Civ. Code § 2924.17(a).  The statute

6   further provides that a servicer must ensure that it has reviewed

7   competent and reliable evidence, including the borrower's loan

8   status and loan information, before filing and recording a notice

9   of default.  Id. § 2924.17(b).  Sections 2924.12 and 2924.19 of

10  the California Civil Code authorize a court to remedy a violation

11  of section 2924.17 by enjoining a foreclosure sale until the

12  violation is cured.  Cal. Civ. Code §§ 2924.12, 2924.19.

13             Section 2924.17 is part of the Homeowner's Bill of

14  Rights, which "took effect on January 1, 2013."  Rockridge Trust

15  v. Wells Fargo, N.A., --- F. Supp. 2d ----, ----, Civ. No.

16  13:1457 JCS, 2013 WL 5428722, at *28 (N.D. Cal. Sep. 25, 2013).

17  "California courts comply with the legal principle that unless

18  there is an express retroactivity provision, a statute will not

19  be applied retroactively unless it is very clear from extrinsic

20  sources that the Legislature . . . must have intended a

21  retroactive application."  Myers v. Philip Morris Cos., 28 Cal.

22  4th 828, 841 (2002).  To the extent that plaintiffs' claim under

23  section 2924.17 is premised on the Notice of Default recorded in

24  2011, (see Vericrest RJN Ex. C), plaintiffs cannot state a claim

25  because section 2924.17 does not apply retroactively to Notices

26  of Default recorded before 2013.  See, e.g., Rose v. J.P. Morgan

27  Chase, N.A., Civ. No. 2:12-225 WBS CMK, 2014 WL 546584, at *8

28  (E.D. Cal. Feb. 11, 2014); Emick v. JP Morgan Chase Bank, Civ.

1  No. 2:13-340 JAM AC, 2013 WL 3804039, at *3 (E.D. Cal. July 19,
2  2013); <u>Rockridge Trust</u>, 2013 WL 5428722, at *28.

3           While plaintiffs allege that they "fell into default"
4  in 2013, (Compl. § 50), they do not allege that any defendant
5  filed or recorded any Notice of Default against them in 2013, let
6  alone that any such notice failed to comply with section 2924.17.
7  In their Opposition, plaintiffs contend that defendants have
8  "continued [to] use a false declaration . . . as a basis for
9  moving forward on non-judicial foreclosure proceedings" in 2013.
10  (Pls.' Opp'n at 5:28-6:2.)  Even if the court could infer from
11  this statement that defendants filed and recorded one or more
12  defective notices of default in 2013, the court cannot consider
13  that statement on a motion to dismiss because it does not appear
14  in the Complaint itself.  <u>See</u> <u>Butler v. Los Angeles County</u>, 617
15  F. Supp. 2d 994, 999 (C.D. Cal. 2008) ("On a motion to dismiss .
16  . . the Court must limit its review to the four corners of the
17  operative complaint, and may not consider <u>facts presented in</u>
18  <u>briefs</u> or extrinsic evidence." (emphasis added)); William W.
19  Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil
20  Procedure Before Trial § 9:211 (2014) (same).

21           Accordingly, because plaintiffs do not allege that any
22  Notice of Default was filed against their property after the date
23  on which section 2924.17 took effect, the court must grant
24  defendants' motion to dismiss plaintiffs' claim under section
25  2924.17 and their claims for injunctive relief under sections
26  2924.12 and 2924.19.

27       D.   <u>Unfair Competition Law</u>
28           The UCL prohibits unfair competition, which includes

1   "any unlawful, unfair, or fraudulent business act or practice."

2   Cal. Bus. & Profs. Code § 17200.  A UCL claim may only be brought

3   "by a person who has suffered injury in fact and has lost money

4   or property as a result of the unfair competition."  Cal. Bus. &

5   Profs. Code § 17204; <u>Kwikset Corp. v. Superior Court</u>, 51 Cal. 4th

6   310, 320-21 (2011).

7           Here, plaintiffs allege only that they were "forced

8   into default" as a result of defendants' allegedly unfair

9   business practices.  (Compl. ¶ 50.)  They do not allege that they

10  have lost their home, that they paid foreclosure-related fees, or

11  that they incurred any other economic injury as a result of

12  defendants' actions.  In fact, notwithstanding any factual

13  statements made in their Opposition, plaintiffs do not even

14  allege that defendants have initiated foreclosure proceedings.

15          Absent allegations that plaintiffs have actually

16  suffered economic injury as a result of foreclosure proceedings,

17  the possibility that their purported "default" may result in the

18  foreclosure of their home is insufficient to establish that they

19  have lost money or property.  <u>See, e.g.</u>, <u>Jensen v. Quality Loan</u>

20  <u>Serv. Corp.</u>, 702 F. Supp. 2d 1183, 1199 (E.D. Cal. 2010) (Wanger,

21  J.) (holding that plaintiff's allegation that "he 'will' lose his

22  personal residence if a non-judicial foreclosure occurs' was

23  insufficient to allege that plaintiff had lost money or

24  property); <u>Jurewitz v. Bank of Am., N.A.</u>, 930 F. Supp. 2d 994,

25  999-1000 (S.D. Cal. 2013) (holding that plaintiff had not alleged

26  that he lost money or property, even though "a foreclosure sale

27  was scheduled," because he had not lost his home or suffered

28  other economic injury).  Accordingly, because plaintiffs have not

1  alleged that they "lost money or property" as a result of

2  defendants' allegedly unfair business practices, <u>see</u> Cal. Bus. &

3  Profs. Code § 17204, the court must grant defendants' motion to

4  dismiss this claim.

5           IT IS THEREFORE ORDERED that defendants' motion to

6  dismiss be, and the same hereby is, GRANTED.

7           Plaintiffs have twenty days from the date this Order is

8  signed to file an amended complaint, if they can do so consistent

9  with this Order.

10  Dated:  May 29, 2014

11

WILLIAM B. SHUBB
12  UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28