UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCOTT PAULHUS and LYNETTE PAULHUS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FAY SERVICING, LLC; VERICREST INSURANCE SERVICES, aka VERICREST FINANCIAL; SUMMIT MANAGEMENT COMPANY, LLC; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | CIV. NO. 2:14-736 WBS AC<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

　　　　Plaintiffs Scott Paulhus and Lynette Paulhus brought this action against defendants Fay Servicing, LLC ("Fay"), Vericrest Insurance Services, LLC, and Summit Management Company, LLC, arising out of the foreclosure of plaintiffs' home. Fay now moves to dismiss plaintiffs' First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted

1

pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

I.  Factual & Procedural History

In 2004, plaintiffs entered into a mortgage loan for $850,000, which was secured by a Deed of Trust to their home in Granite Bay, CA.  (FAC ¶ 17; id. Ex. A (Docket No. 32).)  The Deed of Trust names Vitek Real Estate Industries Group, Inc., dba Vitek Mortgage Group as the "Lender" and Stewart Title Company as the "Trustee."  (Id. Ex. A.)  Plaintiffs allege that Summit became the trustee in 2011, that Vericrest acted as the mortgage servicer for several years, and that Fay is the current mortgage servicer.  (Id. ¶ 18.)

On December 14, 2011, Summit recorded a Notice of Default reflecting that plaintiffs were $16,384.82 in arrears on their loan.[2]  (Fay RJN Ex. D.)  Summit subsequently rescinded the Notice of Default on February 17, 2012.  (Fay RJN Ex. E.)

---

[1]  Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

[2]  Although a court generally may not consider items outside the pleadings when deciding a motion to dismiss, it may consider items of which it can take judicial notice, Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), including matters of public record, MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

Fay requests that the court judicially notice several recorded documents pertaining to plaintiff's property. (Docket No. 36.)  Those items include the Deed of Trust, (Fay Req. for Judicial Notice ("Fay RJN") Ex. A (Docket No. 36-1)), the Assignment of Deed of Trust, (id. Ex. B.), the Substitution of Trustee, (id. Ex. C), a Notice of Default, (id. Ex. D), a Rescission of Notice of Default, (id. Ex. E), and an Assignment of Mortgage/Deed of Trust, (id. Ex. F).  The court will take judicial notice of these documents because they are matters of public record whose accuracy cannot be questioned.  See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

1           On March 16, 2012, plaintiffs allegedly received a monthly statement from Vericrest for $5,993.27 instead of their usual payment of $3,973.16 per month.  (Id. ¶ 19.)  Plaintiffs subsequently contacted Vericrest to inform them that the amount stated was "unjustified and erroneous."  (Id.)  The next month, plaintiffs received a billing statement for $4,020.01, and concluded that Vericrest had amended the statement to reflect the amount that was actually due.  (Id. ¶ 20.)  Plaintiffs allege that they paid that amount each month for over a year and that Vericrest continued to accept their payments.  (Id.)

            On September 1, 2013, Fay sent plaintiffs a billing statement for $5,513.13.  (Id. ¶ 21.)  Plaintiffs allege that they contacted Fay to correct the bill and that Fay informed them that they did not have their complete loan file because of the "servicer change."  (Id.)  Plaintiffs also allege that they spoke to a Fay employee on December 3, 2013, who represented that plaintiffs would not be considered in default if they submitted proof of income and two payments for $3973.16.  (Id.)  When plaintiffs submitted those payments, Fay allegedly rejected them and stated that they were insufficient to satisfy the full amount owed.  (Id. ¶ 22.)  As a result, plaintiffs allege, they were "forced into default."  (Id. ¶ 23.)

            Plaintiffs brought this action in Placer County Superior Court on February 18, 2014.  (Docket No. 1.)  Defendants removed to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, (id.), and moved to dismiss the Complaint.  On May 29, 2014, the court granted defendants' motions to dismiss and allowed plaintiffs leave to amend.  (Docket No. 31.)

Plaintiffs timely filed the FAC, in which they assert only two claims: (1) breach of the covenant of good faith and fair dealing; and (2) unlawful, unfair, and fraudulent business practices in violation of the UCL.  On July 30, 2014, plaintiffs settled their claims against Summit and Vericrest, leaving only their claims against Fay.  (Docket No. 41.)  Fay now moves to dismiss the FAC for failure to state a claim upon which relief can be granted.  (Docket No. 35.)

II.  Discussion

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556–57).

   A.   Covenant of Good Faith and Fair Dealing

California, like the majority of states, recognizes an implied covenant of good faith and fair dealing.  Foley v. Interactive Data Corp., 47 Cal. 3d 654, 683 (1988) (citing Restatement of Contracts (2d) § 205).  However, that covenant

4

only applies to promises "arising out of the contract itself." Id. at 690; accord Racine & Laramie, Ltd. v. Dep't of Parks & Recreation, 11 Cal. App. 4th 1026, 1031 (4th Dist. 1992) ("The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation."). A corollary to this rule is that a claim for breach of the implied covenant of good faith and fair dealing requires a plaintiff to identify a contract to which both the plaintiff and the defendant were parties. See Champlaie v. BAC Home Loan Servicing, LP, 706 F. Supp. 2d 1029, 1063 (E.D. Cal. 2009) (Karlton, J.).

Like plaintiffs' first Complaint, the FAC fails to identify any contract to which Fay was a party. Although plaintiffs allege that they "entered into a contract with Defendants for mortgage financing," (FAC ¶ 27), the Deed of Trust makes clear that Fay was not a party to plaintiffs' loan agreement. (See Fay RJN Ex. A.) The court therefore need not accept plaintiffs' conclusory allegation of a contractual relationship between them and Fay as true. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . .").

Plaintiffs also allege the existence of a contract with Fay on the theory that Fay assumed contractual obligations to service plaintiffs' loan. (FAC ¶ 28.) But even if Fay had agreed to service plaintiffs' loan, that agreement does not entail a contractual relationship with plaintiffs themselves. See, e.g., Conder v. Home Sav. of Am., 680 F. Supp. 2d 1168, 1174 (C.D. Cal. 2010) ("The fact that [a servicer] entered into a

5

contract . . . to service Plaintiff's loan does not create contractual privity between [the servicer] and Plaintiff."); Lomboy v. SCME Mortg. Bankers, Civ. No. 09-1160 SC, 2009 WL 1457738, at *5 (N.D. Cal. May 26, 2009); Connors v. Home Loan Corp., Civ. No. 08-1134 L LSP, 2009 WL 1615989, at *6 (S.D. Cal. June 9, 2009).

Likewise, even if Fay had entered into a contract to service plaintiffs' loan, plaintiffs have not alleged that they were the intended beneficiaries of any such contract. Plaintiffs therefore cannot state a claim premised on violation of any contractual duty contained therein. See Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1210 (9th Cir. 2000) ("Before a third party can recover under a contract, it must show that the contract was made for its direct benefit--that it was an intended beneficiary of the contract." (citation omitted)).

Accordingly, because plaintiffs have failed to allege the existence of a contract with Fay so as to support a claim for breach of the implied covenant of good faith and fair dealing, see Champlaie, 706 F. Supp. 2d at 1063, the court must grant defendants' motion to dismiss this claim.

B.   Unfair Competition Law

The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A UCL claim may be brought only "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Id. § 17204; Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 320-21 (2011). In its previous Order,

the court dismissed plaintiffs' UCL claim on the basis that they had failed to allege economic injury. (Docket No. 31.)

Like the initial Complaint, the FAC alleges that plaintiffs were "asked to make payments" that were based on an inaccurate accounting of the amount due on their loan, but it does not allege that plaintiffs actually made these payments. (FAC ¶ 50.) It alleges that plaintiffs have been charged wrongful fees, back dues, and interest, but it does not allege that plaintiffs paid any of these fees.[3] (FAC ¶ 51.) And while the FAC alleges that plaintiffs were "forced into default" as a result of Fay's alleged misconduct, it does not allege that plaintiffs have lost their home. (FAC ¶ 50.)

Absent any allegation that plaintiffs have suffered economic injury as a result of Fay's alleged misconduct, the possibility that their purported "default" may result in the foreclosure of their home is insufficient to establish that they have lost money or property. See, e.g., Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1199 (E.D. Cal. 2010) (Wanger, J.) (holding that plaintiff's allegation that "he 'will' lose his personal residence if a non-judicial foreclosure occurs' was insufficient to allege that plaintiff had lost money or property); Jurewitz v. Bank of Am., N.A., 930 F. Supp. 2d 994,

---

[3] Plaintiffs also allege that they "incurred the cost and expense of the instant litigation" and argue that this cost constitutes economic injury. (FAC ¶ 51.) This argument is meritless. The cost of filing a claim under the UCL cannot also constitute economic injury under the UCL. Allowing it to do so "would effectively eviscerate the heightened standing requirements of Proposition 64." In re Google Inc. Street View Elec. Commc'ns Litig., 794 F. Supp. 2d 1067, 1086 (N.D. Cal. 2011).

999-1000 (S.D. Cal. 2013) (holding that plaintiff had not alleged that he lost money or property, even though "a foreclosure sale was scheduled," because he had not lost his home or suffered other economic injury). Accordingly, the court must grant Fay's motion to dismiss this claim.

### C. Leave to Amend

"Although leave to amend should be given freely, a district court may dismiss without leave to amend where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) (citation omitted). Although the court has already permitted plaintiffs to amend their pleadings, plaintiffs have not remedied the deficiencies the court highlighted in their initial Complaint. Because it appears that plaintiffs are unable to state a viable claim against Fay, the court dismisses plaintiffs' claims against Fay with prejudice and without leave to amend.

IT IS THEREFORE ORDERED that defendant Fay Servicing, LLC's motion to dismiss plaintiffs' First Amended Complaint be, and the same hereby is, GRANTED. Plaintiffs' claims against defendant Fay Servicing, LLC are hereby DISMISSED WITH PREJUDICE.

Dated: August 5, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE